11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Matthew Sanchez

Appellant

Vs.                   No.
11-02-00238-CR B Appeal from Dallas County

State of Texas

Appellee

 

The trial
court convicted appellant, upon his plea of guilty, of assault causing bodily
injury.  A plea bargain agreement was
not reached.  The trial court assessed
punishment at confinement for 8 years and a $1,500 fine.  We affirm.

In his
brief, appellant=s court-appointed counsel states that he has
conscientiously examined the entire appellate record and the applicable law and
that he has concluded that the appeal is frivolous and without merit.  Following the procedures outlined in Anders
v. California, 386 U.S. 738 (1967), and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969), counsel presents one arguable issue.  

Counsel
points out in his brief that there was a variance between the name of the
victim as alleged in the indictment and the name of the victim as proven at
trial.  In the indictment, the victim is
Marie Benavides.  At trial, the
victim testified that her name was Maria Benavides.  Citing Smith v. State, 763 S.W.2d 836
(Tex.App. - Dallas 1988, pet=n ref=d), counsel concedes that this variance is
not fatal.  Moreover, appellant=s guilty plea waived any issue concerning the
victim=s name. 
We agree and overrule this contention.

Counsel
has furnished appellant with a copy of the brief and advised appellant of his
right to review the record and file a pro se brief.  A pro se brief has not been filed.  Counsel has complied with the procedures outlined in Anders v.
California, supra; Stafford v. State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v.
State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684
(Tex.Cr.App.1974); and Gainous v. State, supra.








Following
the procedures outlined in Anders, we have independently reviewed the
record.

The trial court
admonished appellant both in writing and in open court in compliance with TEX.
CODE CRIM. PRO. ANN. art. 26.13 (Vernon 1989 & Supp. 2003).

The victim
testified that she was 22 years old and that appellant was 21 years old.  She stated that they had been Acommon law married@ for Aabout four years.@  She was aware that appellant
had a prior family violence case involving his ex-girlfriend.  The victim stated that appellant came home Avery, very drunk@ and that she accused him of cheating on
her.  Appellant hit her, and she
received three or four stitches in her lip. 
The victim did not think that the assault was her fault or that she
deserved to be hit.

Appellant
testified that, when he saw the photograph of how the victim looked after he
hit her, he felt Asad
inside@ and Ait hurt@ him. 
He told the court that he needed help with his anger problem and with
his drug problem.  Appellant stated
that, in his prior family violence case, his ex-girlfriend threw some change in
his face and that he went after her. 
His ex-girlfriend suffered injuries to her eye and head.  Appellant said he was sorry that he had hit
her.  While he admitted pushing,
shoving, and hitting the victim in the past, appellant denied that he had ever kicked
her or forced sex on her.  

The record
supports not only the conviction but also the punishment assessed.  The record reflects that trial counsel
provided reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v.
State, 988 S.W.2d 770 (Tex.Cr.App.1999). 
The record does not reflect that there is a reasonable probability that,
but for counsel=s actions, appellant would have not pleaded
guilty but would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52 (1985); Ex parte Morrow, 952 S.W.2d
530 (Tex.Cr.App.1997).  We agree that
the appeal is without merit.

The
judgment of the trial court is affirmed.

 

PER
CURIAM

March 20, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and 

Wright, J., and McCall, J.